IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS ANTHONY GRANDINETTI, II, #A0185087,<br><br>Petitioner/Plaintiff,<br><br>vs.<br><br>OFFICE OF THE PUBLIC DEFENDER, STATE OF HAWAII, et al.,<br><br>Respondents/Defendants. | CIV. NO. 20-00276 JAO-WRP<br><br>DISMISSAL ORDER |

## **DISMISSAL ORDER**

Before the Court is pro se Petitioner/Plaintiff Francis Anthony Grandinetti, II's ("Grandinetti") "Federal Complaint against Office of the Public Defender." ECF No. 1. Despite its title, it is unclear whether Grandinetti seeks habeas relief under 28 U.S.C. § 2254 or relief for a violation of his civil rights under 42 U.S.C. § 1983. He complains of "Unlawful-custody without lawyer assistance," and attaches documents to his pleading that refer to the decision of the Intermediate Court of Appeals ("ICA") for the State of Hawai'i dismissing his appeal of the denial of a post-conviction petition challenging his conviction and sentence in *State v. Grandinetti*, Cr. No. 93-0141 (Haw. 3d Cir. Ct. 1993). *See* ECF No. 1 at 2–6, 8–9, 11 (citing Case ID CAAP-20-0000050). On June 3, 2020, Grandinetti

filed an application for a writ of certiorari seeking review of that ICA decision, which the Hawaiʻi Supreme Court rejected on June 25, 2020. *See State v. Grandinetti*, SCWC-20-0000050, https://www.courts.state.hi.us (follow "eCourt Kokua"; then follow "Case Search" for Case ID SCWC-20-0000050) (last visited June 25, 2020).

## I.  DISCUSSION

Grandinetti protests his confinement in Arizona as a State of Hawaiʻi citizen, and he apparently renounces that citizenship in favor of citizenship in the State of New York. His pleading is otherwise incomprehensible. Grandinetti may be challenging the dismissal of his post-conviction petition in Cr. No. 93-0141, or an unidentified Hawaii Paroling Authority ("HPA") proceeding regarding the consideration of parole, or some other unidentified condition of his confinement. He asserts no coherent facts in support of any type of action, whether a habeas petition or a civil rights complaint.

If Grandinetti seeks habeas relief pursuant to 28 U.S.C. § 2254 regarding his conviction in Cr. No. 93-0141, this Court lacks jurisdiction over these claims because he has already unsuccessfully challenged that conviction in federal court. *See* 28 U.S.C. § 2244(a), (b)(3)(A); *Grandinetti v. Hawaii*, Civ. No. 05-00254 DAE-LK (D. Haw. Apr. 3, 2006) (dismissing habeas petition as time-barred and

entering judgment).  Grandinetti must submit authorization to proceed with a second or successive petition from the Ninth Circuit Court of Appeals before this Court can review another challenge to Cr. No. 93-0141.  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007); *Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010).

Moreover, this Court has no authority to overturn the ICA's decision to dismiss his appeal for lack of appellate jurisdiction because Grandinetti failed to timely appeal his conviction under state law, *see* Hawaiʻi Rules of Appellate Procedure Rule 4(b)(1), where the state law itself does not violate federal law.  *See* 28 U.S.C. § 1331; *see also Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("A mere error of state law . . . is not a denial of due process." (brackets and citation omitted)); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Thus, as the Hawaiʻi Supreme Court did not grant Grandinetti's application for a writ of certiorari, he must seek relief in the United States Supreme Court.

To the extent Grandinetti challenges an HPA decision regarding his eligibility for parole under 42 U.S.C. § 1983, he has no federal or state liberty interest in parole and therefore fails to state a claim for relief.  *See Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7–11 (1979) (discussing

no federal right to parole); *Neal v. Shimoda*, 905 F. Supp. 813, 818 (D. Haw. 1995) ("Plaintiff has n[o] constitutional right to . . . being released on parole."), *rev'd in part on other grounds*, 131 F.3d 818 (9th Cir. 1997).  If he complains that he is incarcerated in Arizona, rather than in Hawai'i or New York, he has no right to be housed in any particular prison or state.  *See Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976).  Grandinetti cannot state a claim on these bases.

Finally, Grandinetti cannot proceed in a civil rights action without concurrent payment of the filing fee because he has accrued three strikes under 28 U.S.C. § 1915(g) and does not allege that he is in imminent danger of serious physical injury.  *See, e.g., Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. Jan. 14, 2015); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS-BMK (D. Haw. Aug. 18, 2005).

## II. **CONCLUSION**

Grandinetti's pleading, as construed as a habeas petition, is DISMISSED without prejudice for his failure to submit authorization to proceed with a second or successive petition from the Ninth Circuit Court of Appeals and to allege any coherent federal bases for his claims.

To the extent Grandinetti seeks relief under 42 U.S.C. § 1983, he fails to state any colorable claim for relief and amendment is futile. Moreover, he cannot proceed without concurrent payment of the filing fee under § 1983 because he fails to show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

The Court will take no further action on documents filed herein beyond processing a notice of appeal. The Clerk is DIRECTED to close this case and enter judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 25, 2020.



Jill A. Otake
United States District Judge

*Grandinetti v. Office of the Public Defender*, Civ. No. 20-00276 JAO-WRP; Dismissal Order